# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JULIO CIRIACO, | |
| Plaintiff, | Case No. 1:19-CV-00815 |
| v. | Judge: Matthew W. McFarland |
| VERIZON WIRELESS, ET AL., | Magistrate Judge: Karen L. Litkovitz |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to be bound by the terms of this Order during the litigation, prior and subsequent to entry by the Court; accordingly, it is ORDERED:

**1. Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.  Any information designated by a party as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER is based on a good faith belief that the information is confidential or otherwise entitled to protection.

3. **Documents Which May be Designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.**  Any party may designate documents as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, names of minors, medical or psychiatric information, trade secrets, personnel records, other confidential research, development, or commercial information that is not publicly available, or that otherwise implicates common law and statutory privacy interest of the producing party. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.

4. **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5.     Protection of Confidential Material.**

**(a)     General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than this action, including any appeal thereof.

**(b)     Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER:

**(1)**     the parties' attorneys that are actively working on this case;

**(2)**     persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case, these individuals shall include, but are not limited to insurance representatives, employees of the parties' attorneys, and third-parties retained to provide litigation support or document services;

**(3)**     the parties, including designated representatives for the Plaintiff and Defendant;

**(4)**     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

**(5)**     the Court and its employees ("Court Personnel");

  **(6)** stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  **(7)** deponents, witnesses, or potential witnesses; and

  **(8)** other persons by written agreement of the parties.

 **(c)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

 **(d)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

 **6.** **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," or inadvertent production of privileged or work product materials, shall be governed by Fed. R. Evid. 502. Counsel receiving documentation which has been inadvertently produced shall notify

producing counsel immediately upon discovery of the production and shall return the documents to producing Counsel. Inadvertent production of any document without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall not waive the protections of this Order. The parties acknowledge and stipulate that inadvertent production of privileged or work product materials does not amount to a waiver, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.

    **7.**    **Filing of CONFIDENTIAL Documents Under Seal.**

    **(a)**    This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996); *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and their progeny. Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1

    **(b)**    A party that intends to file documents previously designated by the opposing party as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall first consult with the opposing party to determine whether, with the consent of the opposing party, the document or a redacted version of the document may be filed without restriction. This consultation should occur no less than 14 days prior to the anticipated filing to allow the opposing party that previously designated the information "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" to file a motion to seal. Any motions to file under seal must comply with *Shane Group, Inc. v. Blue Cross Blue*

*Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and its progeny. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1(a) and the policies and procedures set forth in the Court's CM/ECF online resources.

8. **No Waiver.** Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves documents designated as Confidential. Further, nothing contained herein shall affect the rights of either Plaintiff or Defendants with respect to their own documents or information.

9. **Challenges by a Party to Designation as Confidential.** A party may object to the designation of particular CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER information by giving written notice to the party that designated the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to contact the Court within five (5) business days to request a status conference. If such a request is timely made, the disputed information shall be treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under the terms of this Stipulated Protective Order until the Court determines whether the disputed information should be subject to the terms of the Order. If the designated party fails to contact the Court within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and shall not thereafter be treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with this Order. The party designating the information as

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. **Action by the Judge.** Applications to the Judge for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be in compliance with the Court's Local Rules and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Judge's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Absent an order of the Court, there will be no restrictions on the use of any documents that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

   **(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b)** **Destruction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** At the conclusion of this case, by settlement, a jury verdict, dismissal by judgment order or otherwise, unless other arrangements are agreed upon,

each document and all copies thereof which have been designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER documents.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery and trial of the within cause.

14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: 3/26/20

/s/ Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

*We so stipulate and agree to be bound by the terms*

| | |
|---|---|
| s/Tod J. Thompson (per email authority) | s/Elizabeth L. Dicus |
| Tod J. Thompson (0076446) | Elizabeth L. Dicus (0081219) |
| todd@tthompsonlaw.com | eldicus@jonesday.com |
| TOD J. THOMPSON ATTORNEY-AT-LAW | Tonya B Braun (0075048) |
| 810 Sycamore Street | tbraun@jonesday.com |
| Third Floor | JONES DAY |
| Cincinnati, OH 45202 | 325 John H. McConnell Boulevard |
| Telephone: (513) 322-4348 | Suite 600 |
| Facsimile: (513) 263-9001 | Columbus, OH 43215 |
| | Telephone: (614) 469-3939 |
| *Attorney for Plaintiff* | Facsimile: (614) 461-4198 |
| *Julio Ciriaco* | |
| | *Attorneys for Defendants* |
| | *Verizon Wireless, et al.* |